IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 95-20148
_____

KEITH B. PAYNE,

                                        Plaintiff-Appellee,

                        versus

CHRISTOPHER SPEER; RAUL CISNEROS,

                                        Defendants,

LEROY BAILEY; DAVID JANSA; WILLIAM A. BOOTHE; CAREY S. STAPLES;
CHARLES D. GODWIN; JERRY R. PETERSON, Warden; WAYNE SCOTT,
Director Texas Department of Criminal Justice, Institutional
Division,

                                        Defendants-Appellants.

_____

Appeal from the United States District Court
For the Southern District of Texas
(CA-H-93-1183)
_____
December 8, 1995

Before POLITZ, Chief Judge, DAVIS and BENAVIDES, Circuit Judges.

PER CURIAM[*]:

    This is a civil rights suit filed by Plaintiff-Appellee Keith

B. Payne ("Payne") arising from his assertion that in July 1992,

while Payne was incarcerated in the Texas Department of Criminal

_____

    [*] Local Rule 47.5 provides:  "The publication of opinions
that have no precedential value and merely decide particular
cases on the basis of well-settled principles of law imposes
needless expense on the public and burdens on the legal
profession."
Pursuant to that Rule, the Court has determined that this opinion
should not be published.

Justice-Institutional Division ("TDCJ-ID"), Defendants Christopher Speer ("Speer") and Raul Cisneros ("Cisneros"), prison officers at TDCJ-ID, used excessive physical force against Payne without provocation which resulted in Payne sustaining physical and emotional injuries, and refused to supply Payne with the required procedures after the incident.[1] In addition, Payne asserts that Defendants-Appellants Leroy Bailey ("Bailey"), a sergeant at TDCJ-ID, and David Jansa ("Jansa"), a lieutenant at TDCJ-ID, witnessed the incident and failed to make sure proper procedures were carried out afterwards. The remaining Defendants-Appellants William A. Boothe ("Boothe"), Carey S. Staples ("Staples"), Charles D. Godwin ("Godwin"), Jerry R. Peterson ("Peterson") and Wayne Scott ("Scott"), all supervisors at TDCJ-ID, are implicated by Payne as having been aware of the excessive force incident and failing to make sure proper procedures were carried out.

Defendants filed a motion for summary judgment asserting qualified immunity. The district court denied the motion without explanation.[2] On appeal, Defendants-Appellants argue that Payne has failed to establish that they violated his constitutional rights.[3] Our review of the district court's denial of a motion for summary judgment is *de novo*. *Walton v. Alexander*, 44 F.3d 1297,

_____

[1] Specifically, Payne claims Speer and Cisneros refused to provide an inmate incident information and participant form, to provide a standard witness form for use of force, to take photos of Payne's injuries and to file an inmate disciplinary report.

[2] Payne failed to file a response to the summary judgment motion, and has not filed a response brief in these proceedings.

[3] Speer and Cisneros did not appeal.

2

1301 (5th Cir. 1995) (*en banc*) (internal citations omitted).

None of Defendants-Appellants used physical force against Payne, much less excessive force.  Therefore, we find that Payne has failed to establish that Defendants-Appellants violated his Eighth Amendment right.

Additionally, to the extent that Payne might seek to hold Defendants-Appellants Scott, Peterson, Godwin, Staples and Boothe liable due to their supervisory responsibilities at TDCJ-ID, we find that Payne has failed to set forth specific facts showing a causal connection between their actions and the constitutional violations alleged.  *See Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983).

As for Defendants-Appellants Jansa and Bailey, we find that even if we were to assume they violated Payne's constitutional rights by witnessing the alleged excessive use of force by Speer and Cisneros and by failing to ensure that proper procedures were followed, they are still entitled to qualified immunity because Payne has failed to make a showing of "deliberate indifference." *See Farmer v. Brennan*, ___U.S.___, 114 S.ct. 1970, 1977, 128 L.Ed.2d 811 (1994).

For the reasons stated above, we REVERSE the district court's order denying qualified immunity to Scott, Peterson, Godwin, Staples, Boothe, Jansa and Bailey.